IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

96 APR 19 AM 11: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

APR 19 1996

MICHETTI PIPE STRINGING, INC., )
a corporation, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 96-G-0673-S
 )
MURPHY BROTHERS, INC., )
a corporation, )
 )
    Defendant. )

MEMORANDUM OPINION

    The parties in the above-styled action agree on the facts. Suit was filed in the Tenth Judicial Circuit of Alabama on January 26, 1996. Defendant Murphy Brothers, Inc. [hereinafter Murphy] received a copy of the complaint on January 29, 1996, by facsimile. By letter of January 30, 1996, Murphy acknowledged receipt of the complaint, but Murphy did not file its notice of removal until March 13, 1996 (44 days after the period for filing the notice of removal began to run). The complaint was served on the defendant by certified mail on February 12, 1996.

    At issue is whether the removal language of 28 U.S.C.A § 1446(b), which follows, is to be interrupted as beginning to run when receipt of the complaint was known (January 29, 1996) or when the summons and complaint were served (February 12, 1996):

6

> The notice of removal of a civil action or proceeding
> shall be filed within 30 days after **the receipt** by the
> defendant, through service **or otherwise**, of a copy of
> the initial pleading setting forth the claim for relief
> upon which such action or proceeding is based ...
> (emphasis added).

Plaintiff has argued that the time for removal runs from knowledge of the proceedings, not the service of process. Were it not so Congress would not have inserted the words "after the receipt by the defendant, through service or otherwise." The Eleventh Circuit has not addressed the question of whether the language of the statute should be interrupted as the "Proper Service Rule" or the "Receipt Rule." The Sixth and Seventh Circuit Courts of Appeal have adopted the "Receipt Rule." Roe v. O'Donohue, 38 F.3d 298, 304 (7th Cir. 1994) ("[T]he 30 days commences when the defendant, or its authorized agent, comes into possession of a copy of the complaint whether or not the delivery complies with the requirements of 'service.'"); Tech Hills II Associates v. Phoenix Home Life Mutual Ins. Co., 5 F.3d 963, 968 (6th Cir. 1993) ("The removal period is commenced when the defendant has in fact received a copy of the initial pleading that sets forth the removable claim."). Both courts of appeal concluded that the "Proper Service Rule" cannot be reconciled with the wording of the statute.

In The City National Bank of Sylacauga v. Group Data Services, 908 F. Supp. 896 (N.D. Ala. 1995), Judge Hancock applied the "Service Rule," as did Judge Howard in Marion Corp. v. Lloyds Bank, PLC, 738 F. Supp. 1377 (S.D. Ala. 1990). In denying the motion to remand Judge Hancock referred to Marion and

Love v. State Farm Mutual Automobile Insurance Company, 542 F. Supp. 65 (N.D. Ga. 1982). Judge Hancock noted that a study of the congressional history surrounding 28 U.S.C. § 1446 indicates that the language relied on by the plaintiffs (28 U.S.C. § 1446(b)) was added to the statute in 1949 to correct a problem created by the 1948 revision of the statute.[1] In discussing the applicability of the statute in Alabama, Judge Hancock said the following:

> The 1949 addition supplied the words "or otherwise" so as to provide for removal in states where an action is commenced merely by the service of a summons and there is no requirement that the initial pleading setting forth the claim for relief be served or filed until later. The language relied upon by plaintiff in § 1446(b) has no field of operation in states, such as Alabama, where the action is commenced by the filing of the complaint (Ala. R. Civ. P. 3) but a copy of that complaint must be served long with the summons (Ala. R. Civ. P. 4) (footnotes deleted).

This court agrees. Additionally, there could be problems in service upon a foreign state or political subdivision, agency, or instrumentality pursuant to 28 U.S.C. § 1608(a) which requires delivery of a copy of the summons and complaint in accordance with any special arrangements or an applicable international convention. In many instances service upon a foreign corporation takes much longer than 30 days. If the court were to adopt the "Receipt Rule," plaintiffs would be able to dodge the requirements of international treaties and trap foreign opponents into keeping their suits in state courts.

---

[1] In 1949 Congress did not anticipate use of facsmile transmissions.

For the above-stated reasons the court holds that the motion to remand be denied.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this ///19th/// day of April 1996.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.